## BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW
767 THIRD AVENUE, 26TH FLOOR
NEW YORK, NEW YORK 10017
TELEPHONE: (212) 750-7800
FACSIMILE: (212) 750-3906
E-MAIL: ATTORNEYS@BRAFLAW.COM

BENJAMIN BRAFMAN

MARK M. BAKER
OF COUNSEL

MARC A. AGNIFILO
OF COUNSEL

ANDREA L. ZELLAN
JOSHUA D. KIRSHNER
JACOB KAPLAN
TENY R. GERAGOS
ADMITTED IN NY & CA
STUART GOLD

May 3, 2020

Hon. Laura Taylor Swain
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

## MEMO ENDORSED

### Re: *Chodakowski v. Annucci, et al.*
### 19 cv 00248 (LTS)

Dear Judge Swain:

In a Report and Recommendation dated April 28, 2020 (Exhibit 1), United States Magistrate Judge Katharine H. Parker has recommended that Petitioner Szymon Chodakowski's instant petition, pursuant to 28 U.S.C. § 2254, "be dismissed without prejudice for failure to exhaust." Please accept this letter as a motion, pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), to instead hold the referenced matter in abeyance pending the recommended litigation in the New York state courts in furtherance of exhausting state remedies.

### Procedural History

The operative dates are as follows: Petitioner was sentenced in Supreme Court, New York County, on November 29, 2016. Following a jury trial, the resulting judgment convicted him of Rape in the First Degree (PL § 130.35(2)) and Sexual Abuse in the First Degree (PL § 130.65(2)), and imposed concurrent, determinate sentences of imprisonment of five years on each count, to be followed by five years of post-release supervision on each count, also to run concurrently.

BRAFMAN & ASSOCIATES, P.C.

On June 12, 2018, the Appellate Division, First Department, affirmed the judgment of conviction. Thereafter, on August 9, 2018, the New York Court of Appeals denied leave to appeal. Consequently, the judgment became final within the meaning of 28 U.S.C. § 2244(d)(1)(a) on **November 7, 2018**, following completion of the ensuing ninety days. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) ("[T]he judgment becomes final at the 'expiration of the time for seeking [direct]'— when the time for pursuing direct review in this Court, or in state court, expires.").

Only two months later, on January 9, 2019, believing he had indeed exhausted state remedies with regard to the alternative and limited request for an investigation and hearing on the issue of juror misconduct, Petitioner requested that the instant petition be filed. Obviously, this was not dilatory since, had there been no filing at that time, Petitioner would still have been able to file a timely petition, and thereby commence the proceeding, until the expiration of ten more months, on November 7, 2019.

## The Constitutional Claim Supporting the Petition

The essence of Petitioner's claim was that the decision of one of the jurors was the result of personal ethnic bias against Petitioner. Specifically, as elaborated upon in the petition, several days following sentencing, counsel was contacted by Foreperson Vasquez. Counsel was told, *inter alia*, that, initially, four jurors had been holding out for acquittal. The foreperson further stated, in a resulting affidavit, that one of the jurors had stated in the jury room during deliberations that the complainant:

> was a "nice Jewish girl, a good *menza*,"[1] and that the Petitioner was "just a big dumb Polack."[2]

---

[1] See Report and Recommendation (Exhibit 1 at p. 5. n.1) ("As noted in the record, *'Menza'* could be a reference to the organization 'Mensa International,' which is a high IQ society that is 'open to persons who have attained a score within the upper two percent of the general population on an approved intelligence test that has been properly administered and supervised.' *See Resources*, MENSA INT'L, https://www.mensa.org/media/resources (last visited Apr. 24, 2020).").

[2] *See* Merriam-Webster Dictionary ("Definition of Polack: *offensive*--used as
(continued...)

-2-

**BRAFMAN & ASSOCIATES, P.C.**

    Counsel immediately notified the judge's court attorney and the prosecutor via email, requesting an adjournment of the sentencing since he "believe[d] that these allegations, if true, will constitute grounds for setting aside the verdict under CPL 330.30(2)." Counsel indicated, however, that he could not yet prepare such a motion. Rather, he needed the adjournment "for the purpose of allowing the defense to further assess and investigate the juror's allegations with a view towards preparing a meaningful motion under CPL 330.30." At sentencing, counsel unsuccessfully renewed his request for an adjournment in order to investigate and question the jurors, all in furtherance of garnering sufficient corroboration of the Foreperson in furtherance of preparing a proper CPL § 330.30 motion *and conducting a hearing*.

    The trial court, however, took an absolute substantive position regarding the "no-impeachment" rule. Thus, when counsel again pressed his need for "an adjournment to continue this investigation" in furtherance of preparing a motion and conducting a hearing," the court stated its unshakeable view regarding the no impeachment rule, opining that such

> is precisely the type of issue that refers only to the content of the substance of the discussions in the jury room during the course of deliberations. That under the case law, and for very good reasons which I'll set forth in a moment, may not be impeached by the jurors after the fact (citing, *inter alia*, *People v. DeLucia*, 20 N.Y.2d 275, 282 N.Y.S.2d 526 (1967)).

---

[2](...continued)

    an insulting and contemptuous term for a person of Polish birth or descent." *See also*: https://en.org/wikipedia.org/wiki/Polack ("The noun Polack. . .in the contemporary English language, is an ethnic slur and a derogatory reference to a person of Polish descent. It is an Anglicisation of the Polish language word Polak, which means a Polish male or a person of Polish ethnicity [feminine being Polka], with a neutral connotation. However, the English loanword 'Polack' ... is considered an ethnic slur in the United States and the United Kingdom, and therefore is considered insulting in nearly all contemporary usages.") (footnotes omitted).

BRAFMAN & ASSOCIATES, P.C.

On appeal to the Appellate Division, Petitioner initially sought a new trial based on the ensuing post-sentencing decision in *Peña-Rodriguez v. Colorado,* 137 S. Ct. 855 (2017). He argued in the alternative, however, that the matter should at least be remanded for the investigation and evidentiary hearing his attorney had requested of the sentencing court. Ignoring the alternative request, however, and construing the appeal as if based solely on the substantive denial of a non-filed motion to set aside the verdict, the Appellate Division affirmed, stating that Petitioner's

> CPL 330.30(2) claims are unpreserved based upon his failure to file the appropriate motion in Supreme Court for the relief he seeks here. In fact, prior to sentencing, defense counsel never specifically requested a new trial or hearing on the grounds now raised on appeal.

*People v. Chodakowski,* 162 A.D.3d 476, 75 N.Y.S.3d 47 (1st Dep't 2018).

Thereafter, in his application for leave to appeal to the New York Court of Appeals, Petitioner again sought the originally requested investigations and hearing as alternative relief. He stated:

> Clearly, on this record, rather than filing a motion that would be bereft of sufficient information to corroborate the foreperson's claim, counsel, in a transmitted writing, responsibly requested an adjournment so as to enable the court to question the other jurors and determine whether the Foreperson's sworn claim was indeed meritorious. In doing so, he articulated the need for the very hearing that the Appellate Division curiously found had not been requested.

As noted, however, leave to appeal was denied. *People v. Chodakowski,* 32 N.Y.3d 936, 109 N.E.3d 1162 (2018).

Thereafter, within only two months, the instant petition was filed. Again, not necessarily arguing that he was so much entitled to a new trial, since that had not been specifically requested before the sentencing court, Petitioner did claim that

-4-

BRAFMAN & ASSOCIATES, P.C.

[t]here was no procedural default because, at sentencing, counsel sought the very relief Petitioner is seeking in this petition. Moreover, in response, the sentencing court specifically entertained and rejected Petitioner's claim that his Sixth Amendment right to an impartial jury had been compromised. Thus, the Appellate Division, which inexplicably found the issue not to have been preserved, ignored that defense counsel had clearly sought the very relief soon to be allowed in *Peña-Rodriguez v. Colorado*, 137 S.Ct. 855 (2017).

## The Magistrate's Report and Recommendation

In her Report and Recommendation, Magistrate Judge Parker has obviously rejected Petitioner's claim that the request for the limited relief which he has been seeking had been exhausted in state court. Thus, without now reiterating all the arguments Petitioner had made in support, Magistrate Parker has concluded that:

Plaintiff should have utilized either CPL § 330.30(2) or CPL § 440.10 to present his Sixth Amendment claim to the state court. And, even if he had made an oral CPL § 330.30(2) motion, which he did not, there is no basis for finding that this case is so exceptional that the written motion requirement should be waived.

Exhibit 1, at 21. It was then recommended to your Honor that the petition be dismissed without prejudice to be re-instituted following the exhaustion of state remedies.

Although Petitioner now has the right to object to the Magistrate's report pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, he elects not to do so. Rather than taking that route, which, given the ongoing world pandemic, will most likely consume many more months with no great hope for success, Petitioner has read the tea leaves and opts to return as soon as practicable to the state courts, as recommended.

BRAFMAN & ASSOCIATES, P.C.

## The Vital Need For This Application

       The instant motion to hold this matter in abeyance, rather than dismissing the petition, is essential in order for Petitioner to preserve any recourse to federal review in the event he is unsuccessful in New York. Specifically, in *Duncan v. Walker*, 533 U.S. 167, 181 (2001), the Supreme Court noted "that [28 U.S.C.] § 2244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition. . . . We hold that an application for federal habeas corpus review is not an application for State post-conviction or other collateral review within the meaning of 28 U.S.C. § 2244(d)(2)."

       This being so, were the petition now to be dismissed, even without prejudice, Petitioner's ultimate ability to pursue any necessary § 2254 remedy would be precluded. The fact is, based on *Walker*, because the filing of his petition on January 9, 2019, did not toll the one-year statute of limitations, the ability to bring an exhausted claim before the court would have ended six months ago, on **November 7, 2019**, upon the expiration of the one year and ninety days following the rendering of the state judgment.

       Indeed, given these realities, in addition to noting the potential equitable tolling of the petition during that period, a motion of this nature was even invited by two members of the majority in *Walker*. Specifically, Justice Stevens wrote "separately to add two observations regarding the equitable powers of the federal courts, which are unaffected by today's decision construing a single provision of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214." *Walker* 533 U.S. at 182 (Stevens, J., joined by Souter, J., concurring). As Justice Stevens explained:

> First, although the Court's pre-AEDPA decision in *Rose v. Lundy*, 455 U.S. 509, 522 (1982), prescribed the dismissal of federal habeas corpus petitions containing unexhausted claims, in our post-AEDPA world *there is no reason why a district court should*

BRAFMAN & ASSOCIATES, P.C.

> *not retain jurisdiction over a meritorious claim and stay further*
> *proceedings pending the complete exhaustion of state remedies.*[3]

Indeed, there is every reason to do so when AEDPA gives a
district court the alternative of simply denying a petition
containing unexhausted but nonmeritorious claims, see 28 U.S.C.
§ 2254(b)(2) (1994 ed., Supp. V), and when the failure to retain
jurisdiction would foreclose federal review of a meritorious claim
because of the lapse of AEDPA's 1–year limitations period.
Second, despite the Court's suggestion that tolling the limitations
period for a first federal habeas petition would undermine the
"purposes" of AEDPA, see *ante*, at 2127–2129, neither the Court's
narrow holding, nor anything in the text or legislative history of
AEDPA, precludes a federal court from deeming the limitations
period tolled for such a petition as a matter of equity. The Court's
opinion does not address a federal court's ability to toll the
limitations period apart from § 2244(d)(2). See *ante*, at 2129.
Furthermore, a federal court might very well conclude that tolling
is appropriate based on the reasonable belief that Congress could
not have intended to bar federal habeas review for petitioners
who invoke the court's jurisdiction within the 1–year interval
prescribed by AEDPA.

*Id.* at 182-83; emphasis added.[4]

---

[3] Justice Souter agreed that "nothing bars a district court from retaining
jurisdiction pending complete exhaustion of state remedies, and that a claim for
equitable tolling could present a serious issue on facts different from those before
us." 533 U.S. at 182 (Souter, J., concurring). As discussed below, unlike in *Walker*,
Petitioner will undertake to litigate the merits of this issue pursuant to CPL §
440.10(1)(h) at the earliest opportunity he will be allowed to do so.

[4] *See also Rodriguez v. Bennett*, 303 F.3d 435, 438 (2d Cir. 2002) ("[T]he fact
that § 2244(d)(2) does not cause exclusion of the federal petition's time of pendency
does not necessarily exclude the possibility of discretionary tolling on equitable
grounds. Even though a petition is not entitled to the automatic tolling mandated
by § 2244(d)(2), under appropriate circumstances the petitioner may be entitled to

BRAFMAN & ASSOCIATES, P.C.

## The Merits of This Application

The appropriateness of a motion to hold a petition in abeyance pending exhaustion of state remedies was weighed in *Rhines v. Weber,* where the criteria were held to be three-fold. Specifically,

> it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

544 U.S. at 278.

In this case, first, the good cause for Petitioner not having exhausted his state remedies was owing to his fervent belief that he had done precisely what he needed to do with respect to the *limited relief* which he alternatively sought. Short of the sentencing court actually setting aside the verdict, he simply had requested an adjournment of sentencing and the right to conduct an investigation in furtherance of later bringing a CPL § 330.30 motion for which he needed to corroborate the jury foreperson. That being readily reflected in the record, he was of the view that a CPL § 440.10(1)(h) motion was statutorily prohibited. *See People v. Cooks,* 67 N.Y.2d 100, 103, 491 N.E.2d 676, 677–78 (1986) ("For purposes of the present proceeding it is sufficient to note that dismissal of a CPL § 440.10 motion is mandated by paragraphs (b) and (c) of subdivision (2) of that section when: '(b) The judgment is, at the time of the motion, appealable or pending on appeal, and sufficient facts appear on the record with respect to the ground or issue raised upon the motion to permit adequate review thereof upon such an appeal[.]' ").

Second, even Magistrate Judge Parker agreed that Petitioner's *Peña-Rodriguez v. Colorado* claim was compelling on its merits. As she noted:

> This Court agrees with Petitioner that the statements attributed to the juror by Vazquez, if true, could evidence ethnic bias. However, the state court has not been given an opportunity to rule on that issue. Indeed, the New York court may very well

-8-

BRAFMAN & ASSOCIATES, P.C.

>This Court agrees with Petitioner that the statements attributed
>to the juror by Vazquez, if true, could evidence ethnic bias.
>However, the state court has not been given an opportunity to
>rule on that issue. Indeed, the New York court may very well
>deem the Affidavit sufficient to support a 440.10 motion and
>conduct a hearing, especially in light of *Peña–Rodriguez*.

Exhibit 1 at p. 18, n.4).

Third, it certainly must be concluded that there "is no indication
that the petitioner engaged in intentionally dilatory litigation tactics." He
initiated this petition within two months of the finality of his judgment, and
the very reason he now seeks an abeyance is to avoid the further delay of
reaching the merits of his claim that an almost inevitable unsuccessful
challenge to the Report and Recommendation would seemingly entail.

Moreover, in the New York courts, Petitioner will remain stymied
by the ongoing COVID-19 pandemic. Indeed, on March 22, 2020, the Chief
Administrative Judge of New York issued an administrative order providing
that, even in criminal cases, aside from certain specified exceptions not herein
relevant,

>effective immediately and until further order, no papers shall be
>accepted for filing by a county clerk or a court in any matter of a
>type not included on the list of essential matters attached as Exh.
>A. The directive applies to both paper and electronic filings.

Exhibit 2.

It is unclear whether a more recent directive, issued on April
30th, supersedes this earlier edict. *See* Exhibit 3. Accordingly, it could be
months before Petitioner might even be *allowed* to file the referenced CPL §
440.10(1)(h) motion, let alone the normally elongated time, in the event of a
denial hereof, to seek leave to appeal to the Appellate Division. *See* CPL §
450.15.

**BRAFMAN & ASSOCIATES, P.C.**

        In sum, it is respectfully requested that, rather than a dismissal without prejudice, the instant petition be held in abeyance.

                Respectfully submitted,

                MARK M. BAKER

cc:   Beth Fisch Cohen Esq.
        Via ECF

Any objection to the foregoing request that the petition be held in abeyance must be filed by May 12, 2020, and any reply thereto must be filed by May 15, 2020.  The period for filing objections to the Report and Recommendations is extended pending resolution of the abeyance request and further order of the Court.
SO ORDERED.
/s/ Laura Taylor Swain, USDJ 5/4/2020